United States Court of Appeals,

Eleventh Circuit.

No. 95-9578.

DeKALB STONE, INC., d.b.a. Houseworth Rock Quarry, Plaintiff-Appellant,

v.

COUNTY OF DeKALB, GEORGIA, a political subdivision of the State of Georgia;  Liane Levetan;  Elaine Boyer;  Gale Walldorff; Jackqueline B. Scott, et al., Defendants-Appellees.

Feb. 27, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:95-CV-2077-FMH), Frank M. Hull, Jr., District Judge.

Before BIRCH, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Appellant DeKalb Stone, Inc. (DeKalb Stone) seeks to enjoin DeKalb County from enforcing zoning laws, asserting that enforcement constitutes an arbitrary and capricious violation of its substantive due process rights.  The district court denied Appellant's motion for preliminary injunction, finding that a county executive's arbitrary and capricious deprivation of a state-created property right does not violate substantive due process under the Fourteenth Amendment.  We affirm.

I. BACKGROUND

Appellant and its predecessors have operated some type of rock quarry on their property since the turn of this century.  In 1956, the County zoned the property agricultural-residential.  In 1963, the property was rezoned for single family residential use.  No further official action was taken regarding this property until 1989, when Appellant sought a business license to operate the

quarry. The County denied the license because of a lack of evidence that the quarry was a legal nonconforming use of the property. Appellant appealed to the Board of Zoning Appeals (BOA), which found sufficient evidence that the quarry was a legal nonconforming use. In a one-sentence opinion, the BOA held:

> This is to advise that the Board of Appeals, at its meeting of 11/08/89, reached the following decision on the above application: Approved appeal; overturned administrative decision that quarry operated at 7262 South Goddard Road is not a legal non-conforming use (183 acre quarry approved as a legal non-conforming use).

Upon receiving this determination, Appellant invested in equipment and construction, preparing to blast and crush rock as part of a modernized quarrying operation. Notably, neither party appealed the BOA's finding of a legal nonconforming use.[1]

In 1990, after residents complained about the blasting, the County warned Appellant to stop blasting until it obtained a development permit. The County explained that the blasting and crushing exceeded the scope of the nonconforming use approved in the BOA decision. In its negotiations with the County over the development permit, Appellant agreed to purchase a buffer zone of 70 acres around the quarry. In an apparent change of course, the County then served Appellant with three summonses to Recorders

---

[1] It is only speculation and has no bearing on the issues in this appeal, but we note that the parties may have lacked incentive to appeal because each party perceived that it had prevailed. The County might have believed the quarry would be limited to the hand picking of dimensional stone while DeKalb Stone might have believed that it had approval to conduct general quarrying operations, including unrestricted blasting and crushing. A factual dispute remains in this case as to whether Appellant was engaging in blasting and crushing prior to the BOA decision so that such activities would have comprised part of the legal nonconforming use sanctioned by the BOA.

Court for violations of zoning regulations.  One summons charged that Appellant illegally expanded the nonconforming use by purchasing the 70-acre buffer zone.  The County ultimately ordered Appellant to stop work in the quarry.

Despite the fact that Appellant never intended to quarry the 70-acre buffer zone, the Recorders Court found that the purchase constituted an illegal expansion of the nonconforming use and fined Appellant $1000.  Shortly after the Recorders Court decision was issued, the County denied Appellant's application for a development permit.  Appellant did not appeal the denial of the development permit to the BOA, but it did petition the Georgia Superior Court for a writ of certiorari from the Recorders Court decision.  Although the Georgia Superior Court granted the writ, Appellant voluntarily dismissed the state case and filed this federal action.

Appellant now seeks a declaratory judgment that it has the right to continue its blasting and crushing as part of the quarry's legal nonconforming use.  In addition, it seeks a preliminary injunction barring the County from enforcing the zoning regulations.[2]  The district court denied Appellant's motion for preliminary injunction on the ground that Appellant did not show a substantial likelihood of success on the merits because no substantive due process claim is cognizable when an executive official arbitrarily and capriciously deprives a plaintiff of a

_____

[2]At oral argument, the parties indicated that discovery continued in anticipation of a hearing regarding a permanent injunction.

state-created property right.[3]

## II. STANDARD OF REVIEW

This Court has recently summarized the mixed standard to be applied when reviewing the grant or denial of a preliminary injunction:

> We review the factfindings of the district court, to the extent they are properly presented on appeal, under the clearly erroneous standard. The district court's application of the law is subject to *de novo* review. We review the district court's grant of injunctive relief for abuse of discretion, meaning we must affirm unless we at least determine that the district court has made a "clear error of judgment," or has applied an incorrect legal standard.

*SunAmerica Corp. v. Sun Life Assurance Co. of Can.,* 77 F.3d 1325, 1333 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 79, 136 L.Ed.2d 37 (1996) (citations omitted).

## III. DISCUSSION

Appellant asserts that the County arbitrarily and capriciously denied its substantive due process right by enforcing zoning regulations against it, thereby depriving it of the legal nonconforming use of its property.[4] The arbitrary and capricious

---

[3]The district court also found that Appellant had abandoned any procedural due process argument for the purpose of the motion for preliminary injunction. While the district court addressed the procedural due process argument, Appellant does not raise that issue on appeal.

[4]Appellant makes three other arguments which require only minimal discussion. First, Appellant argues that its "vested property interests are protected against confiscation by DeKalb County under the Fifth Amendment." This is not a takings case, however, because Appellant never argued that it was deprived of all economic use of its property interest.

Second, Appellant argues that the County is barred from relitigating the question of whether it has the right to blast and crush under the BOA decision. Appellees correctly note that whereas the issue before the BOA was the existence of a legal nonconforming use, this case is about the scope

cause of action stems from the Fourteenth Amendment which commands: "No state shall ... deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 1. The Supreme Court has interpreted this clause to provide two distinct guarantees: substantive due process and procedural due process. *Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990). Substantive due process includes both the protections of most of the Bill of Rights, as incorporated through the Fourteenth Amendment, and also the more general protection against "certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Id.* (quoting *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986)) (internal quotation marks omitted); *see also Collins v. City of Harker Heights,* 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992).

In analyzing Appellant's claim that the County's arbitrary and capricious actions are barred by substantive due process, we begin by considering the nature of the right of which Appellant has allegedly been deprived.[5] Appellant states that it has been

of that use. As a result, a factual dispute remains as to the meaning of the word "quarry" as intended by the BOA. Res judicata does not apply here.

Finally, Appellant argues that the district court misconstrued the zoning ordinance with respect to provisions barring expansion of a nonconforming use. Consideration of this issue, like all state law issues raised in this case, becomes unnecessary in light of our holding that Appellant has presented no federal cause of action.

[5]As the district court noted, the exact nature of Appellant's claimed property interest is not clear. For purposes of this appeal, we assume without deciding that Appellant possessed some type of protected property interest. As a result,

deprived of the right to use its land as a nonconforming use under existing zoning laws.  It is well established that land use rights, as property rights generally, are state-created rights.  *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972);  *Spence v. Zimmerman,* 873 F.2d 256, 258 (11th Cir.1989).  The district court properly held that any property right possessed by Appellant was a state-created land use right.[6]

Also fundamental to an understanding of this issue is the fact that enforcement of existing zoning regulations is an executive, not legislative, act.  We have previously held that a "legislative act involves policy-making rather than mere administrative application of existing policies.  Acts of zoning enforcement rather than rulemaking are not legislative."  *Crymes v. DeKalb County,* 923 F.2d 1482, 1485 (11th Cir.1991) (citations omitted).

The question therefore becomes whether a substantive due process cause of action exists where an executive actor deprived Appellant of a state-created property right.  Appellant cites no

---

we do not reach Appellant's vested rights argument, nor any other argument regarding the existence of a property right.

[6]Appellant also argues that "the right to freely use one's property is fundamental and implicit in the concept of ordered liberty."  It is true that property rights have been important common law rights throughout history and that they are protected in many situations by procedural due process.  Nevertheless, common law rights are not equivalent to fundamental rights, which are created only by the Constitution itself. *See, e.g., Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985) (Powell, J., concurring);  *McKinney v. Pate,* 20 F.3d 1550, 1556 (11th Cir.1994) (en banc), *cert. denied,* --- U.S. ----, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995).  Any right in the nonconforming use is a state-created right.  As a result, Appellant's fundamental rights argument fails.

authority to support the existence of such a claim, and we find considerable authority to the contrary. This Court held en banc that a plaintiff did not present a substantive due process claim when he alleged an executive deprivation of a state-created right. *McKinney v. Pate,* 20 F.3d 1550 (11th Cir.1994) (en banc), *cert. denied,* --- U.S. ----, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995). In *McKinney,* an employee alleged that the county arbitrarily and capriciously deprived him of his substantive due process right to employment when it fired him. *Id.* at 1554-55. McKinney admitted that he was provided a procedurally adequate pre-termination hearing, but charged that the hearing was fundamentally biased because of conflicts with other city officials. *Id.* at 1555. In analyzing McKinney's claim, the Court first noted that any property interest in employment was a state-created right. *Id.* at 1556. The Court held that rights created by state law (e.g., tort and employment law) are protected by procedural, not substantive, due process because substantive due process protects only rights created by the Constitution. *Id.* Consequently, McKinney presented no substantive due process claim. *See also Collins,* 503 U.S. at 128, 112 S.Ct. at 1070; *Regents of the Univ. of Mich. v. Ewing,* 474 U.S. 214, 226, 106 S.Ct. 507, 514, 88 L.Ed.2d 523 (1985); *Bishop v. Wood,* 426 U.S. 341, 349-50, 96 S.Ct. 2074, 2079-80, 48 L.Ed.2d 684 (1976).

We recently reiterated this logic in the context of state education rights. *C.B. ex rel. Breeding v. Driscoll,* 82 F.3d 383 (11th Cir.1996). In accordance with school board policy and procedures, several students were suspended after telephone

conferences with parents.  *Id.* at 385-87.  The Court held that because the decision to suspend a student is an executive act, any deprivation of the state-created right to attend school is protected only by the guarantee of procedural due process.  *Id.*

Moreover, we have briefly addressed the unavailability of this cause of action in the context of state-created property rights. Where a property owner alleged that town executives arbitrarily and capriciously refused to issue a certificate of occupancy—another variety of state-created land use right—we held that no substantive due process claim had been stated.  *Boatman v. Town of Oakland,* 76 F.3d 341, 346 (11th Cir.1996);  *see also Kauth v. Hartford Ins. Co. of Ill.,* 852 F.2d 951, 956-58 (7th Cir.1988).  As in  *McKinney, Breeding,* and *Boatman,* Appellant has alleged an executive violation of a state-created property right, not a deprivation of any constitutional right.

## IV. CONCLUSION

Federal courts must not usurp the roles of agencies, review boards, and state courts in reviewing the wisdom of executive actions.  We conclude that the district court did not abuse its discretion in denying the preliminary injunction and discern no legal or factual error.  Precedent and logic demonstrate that the cause of action pled by Appellant does not exist;  therefore, Appellant cannot show a substantial likelihood of success on the merits.  The district court properly denied the motion for preliminary injunction.

AFFIRMED.