[DO NOT PUBLISH]

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**
_____

**No. 05-12686**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00344-CV-T-24-MSS

MEL ABELE,

Plaintiff-Appellant,

versus

HERNANDO COUNTY, a political subdivision of Florida,
MICHAEL ANZALONE,

Defendants-Appellees,

_____

**Appeal from the United States District Court**
**for the Middle District of Florida**
_____

**(December 23, 2005)**

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Mel Abele appeals the district court's orders (1) denying Abele's motion for default judgment against defendant Hernando County, Florida, (2) dismissing without prejudice the complaint as to defendants Ron Aliff and Grant Tolbert for failure to timely perfect service of process, (3) compelling mediation and denying Abele's request for a non-lawyer mediator, and (4) granting defendant Hernando County's motion for summary judgment in Abele's civil action alleging claims under RICO, 18 U.S.C. § 1964(c), the Contracts Clause of the United States Constitution, and of civil rights deprivations, 42 U.S.C. § 1983. We affirm the district court.

## I. DISCUSSION

A. *Motions for Default Judgment*

Abele asserts the district court erred in denying his motions for default judgment against Hernando County, contending Hernando County failed to timely file an answer to the complaint. "We review the denial of a motion for default judgment for abuse of discretion." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). "Entry of judgment

2

by default is a drastic remedy which should be used only in extreme situations" or "exceptional circumstances." *Mitchell*, 294 F.3d at 1316–17. We have held "exceptional circumstances" justifying entry of default judgment were not present where (1) the appellant failed to show the delay for failure to prosecute prejudiced him in any way, (2) the defendants answered the complaint within a short time after it was due, and (3) the claims against most of the defendants were facially invalid. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985).

Hernando County concedes it did not timely file an answer to Abele's complaint. However, exceptional circumstances justifying entry of a default judgment are not present. First, Abele failed to show the delay for failure to prosecute prejudiced him in any way. Next, Hernando County answered the complaint within a short time after it was due.[1] Last, as discussed below, Abele's federal claims against Hernando County are without merit. Because exceptional circumstances justifying entry of a default judgment are not present, the district court did not abuse its discretion in denying Abele's motions for default judgment.

---

[1] Abele filed his complaint on February 25, 2004. Service of process was executed as to Hernando County on February 27, 2004, and Hernando County's answer was due on March 18, 2004. Hernando County filed an answer on April 2, 2004.

B. *Dismissal of Complaint as to Aliff and Tolbert*

Next, Abele contends the district court erred in dismissing without prejudice Abele's complaint as to Aliff and Tolbert based on Abele's failure to timely serve process on those defendants. Abele contends the clerk of the court wasted 10 days issuing the summonses, leaving only 24 hours to effect service. Abele also contends Aliff and Tolbert purposely made themselves unavailable for service of process.

We review the district court's dismissal of a complaint for failure to timely serve the summons and complaint for abuse of discretion. *Brown v. Nichols*, 8 F.3d 770, 775 (11th Cir. 1993) (holding such in the context of former Fed. R. Civ. P. 4(j), which was replaced by current Rule 4(m)). Rule 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"[C]ourts have found 'good cause' under Rule 4[m] only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (discussing "good cause" under former Rule 4(j)), *superseded in part by rule as*

4

*stated in Horenkamp v. Van Winkle and Company, Inc.*, 402 F.3d 1129, 1132 n.2 (11th Cir. 2005). Recently, we held current Rule 4(m), as amended in 1993, grants discretion to the district court to extend the time for service of process even in the absence of a showing of "good cause." *Horenkamp*, 402 F.3d at 1132 (11th Cir. 2005). In *Horenkamp*, we identified as examples of when relief may be justified in the absence of good cause as "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

Here, the district court did not abuse its discretion in dismissing Abele's complaint without prejudice as to Aliff and Tolbert for failure to comply with Rule 4(m). On July 9, 2004, the district court granted an oral motion by Abele to have additional time to serve these defendants. Pursuant to the order, Abele had until July 22, 2004 to perfect service on Aliff and Tolbert (a total of 148 days from the date Abele filed the original complaint). On July 23, 2004, Abele moved for another extension of time to perfect service, conceding he had not perfected service by July 22, 2004. Therefore, Abele failed to comply with the time requirements set forth in Rule 4(m), as extended by the district court. *See* Fed. R. Civ. P. 4(m).

Abele failed to show good cause for the delay. Abele advanced as a reason for the delay the fact the clerk of the court failed to stamp the summonses until Abele called her 10 days after he mailed the summonses to the clerk, and the sheriff's office was unable to effect personal service on Aliff and Tolbert between July 21, 2004 (the date the office received the summonses from Abele) and July 22, 2004 (the date by which Abele was to have served process on Aliff and Tolbert). However, Abele also concedes he did not mail the original summonses for Aliff and Tolbert to the clerk of the court until July 9, 2004, nearly seven months after the complaint was filed. The delay in service of process, then, is not the fault of some outside factor, such as reliance of faulty advice; rather, as Abele was provided 148 days to perfect service, the reason sounds more in negligence. Furthermore, although the district court had discretion to grant Abele a second extension of time to complete service, even in the absence of "good cause," Abele failed to cite to evidence to support his argument that Aliff or Tolbert were evading service. *See Horenkamp*, 402 F.3d at 1132.

C. *Mediation*

Next, Abele asserts the district court erred in compelling mediation and denying Abele's request for a non-lawyer mediator. Abele contends he knew the

6

mediation would be an "act of futility" and the mediation resulted in an additional $750 in expenses.

We review a district court's order overruling a party's objections to mediation for abuse of discretion. *See Bouchard Transp. Co. v. Fla. Dept. of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996) (holding an order of mediation involves the district court's supervision of litigation). A federal district court may take appropriate action with respect to settlement and the use of special procedures to assist in resolving a dispute when authorized by statute or local rule. Fed. R. Civ. P. 16(c)(9). The local rules for the Middle District of Florida provide that, upon order by the presiding judge, any civil action may be referred by the court to a mediation conference, with certain exceptions that do not apply here. M.D. Fla. R. 9.03(a).

Because the district court was authorized by local rule to refer this civil action to mediation, the court did not abuse its discretion in compelling mediation. Moreover, the record reflects the costs of the court-appointed mediator, to be shared equally by the parties, were not shown by Abele to be unreasonable. Therefore, the court did not abuse its discretion in denying Abele's request for a non-lawyer mediator.

D. *Summary Judgment*

Last, Abele contends the district court erred in granting Hernando County's motion for summary judgment as to Abele's federal claims, contending without support there are material issues of fact with respect to each of his claims. As an initial matter, we conclude Abele is appealing only the district court's grant of summary judgment as to Abele's federal claims. The district court construed the complaint as alleging federal claims under RICO, the Contracts Clause, and the Due Process Clause. The district court further construed the due process claims as (1) a substantive due process challenge to the county building codes, (2) a substantive due process claim of interference with Abele's property rights, and (3) a procedural due process claim of interference with Abele's property rights. As Abele does not challenge these characterizations of his claims on appeal, any other federal claims are deemed abandoned. *See Lambrix v. Singletary*, 72 F.3d 1500, 1506 n.11 (11th Cir. 1996). Moreover, Abele's appellate briefs do not challenge the district court's determination that Abele's sole claim against Michael Anzalone, a named defendant, consisted of a state law breach of contract claim or the court's decision not to exercise supplemental jurisdiction over any state law claims. Therefore, any claim against Anzalone and any challenge to the court's decision with respect to the state law claims are also deemed abandoned. *See id.*

8

"We review a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the party opposing the motion." *Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1314–15 (11th Cir. 2000). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

1. *RICO*

"The four elements of civil RICO liability are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000). Congress has defined "racketeering activity" as including any act which is indictable under a lengthy list of criminal offenses. 18 U.S.C. 1961(1).

Abele has failed to identify any conduct constituting racketeering activity. Nor has Abele otherwise adduced any evidence showing Hernando County engaged in a pattern of racketeering. Therefore, the district court did not err in granting summary judgment to Hernando County as to Abele's RICO claim.

## 2. *Contracts Clause*

Article I, § 10 of the Constitution provides: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts." When analyzing a claim under the Contracts Clause, courts "first ask whether the change in state law has operated as a substantial impairment of a contractual relationship." *General Motors Corp. v. Romein*, 112 S. Ct. 1105, 1109 (1992) (quotations and citation omitted). "This inquiry has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial." *Id.* Thus, the contract at issue must be in existence prior to the passing of the challenged law.

Abele has not adduced any evidence showing Hernando County, or the state, passed any law interfering with a contract Abele had in existence before the law passed. As such, the district court did not err in granting summary judgment to Hernando County as to Abele's Contracts Clause claim.

## 3. *Due Process*

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. We have explained the Supreme Court has interpreted this clause to provide for two different kinds of constitutional

10

protection: substantive due process and procedural due process. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994).

a. *Substantive Due Process – Legislative Act*

Because the building code ordinances challenged by Abele neither target a protected class nor implicate fundamental rights, we apply the highly deferential rational basis test to this substantive due process challenge to a legislative act.[2] *See Schwarz v. Kogan*, 132 F.3d 1387, 1390 (11th Cir. 1998) (holding substantive due process challenges not implicating fundamental rights are reviewed under the highly deferential rational basis standard). "In order to survive this minimal scrutiny, the challenged provision need only be rationally related to a legitimate government purpose." *Id.* at 1390–91. Under rational basis review, we first identify "a legitimate government purpose . . . which the enacting government body *could* have been pursuing." *Bannum, Inc. v. City of Fort Lauderdale, Florida*, 157 F.3d 819, 822 (11th Cir. 1998) (internal quotations omitted)

---

[2] When addressing a substantive due process claim, it is crucial to note the distinction between "legislative" acts and "non-legislative" or "executive" acts. *McKinney*, 20 F.3d at 1557 n.9. "Executive acts" characteristically apply to a limited number of persons (and often to only one person) and typically arise from the ministerial or administrative activities of members of the executive branch. *Id.* Legislative acts, on the other hand, generally apply to a larger segment of society; laws and broad-ranging executive regulations are the most common examples. *Id.* The substantive due process analysis differs depending on which type of act is involved. *Id.* Thus, Abele's challenge to the building code ordinances themselves constitutes a challenge to a legislative act, while Abele's challenge to the administrative application of the building code ordinances (*e.g.*, razing the house, removing electrical meters, etc.) constitutes a challenge to executive or non-legislative acts.

11

(emphasis in original). Second, we determine "whether a rational basis exists for the enacting government body to believe the legislation would further the hypothesized purpose." *Id.*

The district court did not err in granting summary judgment to Hernando County as to Abele's substantive due process challenge to the building code ordinances enacted by Hernando County. In enacting the building code ordinances, Hernando County could have been pursuing the legitimate government purpose advanced by Hernando County, providing for the safety and health of the residents of Hernando County. *See id.* at 823 (holding public safety is a legitimate goal for the purpose of rational basis review). As the building code ordinances provide standards to ensure the structural, electrical, and plumbing integrity of residential structures, a rational basis exists for Hernando County to believe the ordinances further this legitimate government purpose.

b. *Substantive Due Process – Non-legislative Acts*

In addressing a substantive due process challenge to a non-legislative act, such as the alleged interference by Hernando County with Abele's property rights, a plaintiff must identify a right that is "fundamental," that is, a right that is "implicit in the concept of ordered liberty." *McKinney*, 20 F.3d at 1556 (quotations omitted). "[A]reas in which substantive rights are created only by state law . . . are

12

not subject to substantive due process protection under the Due Process Clause [as applied to non-legislative acts,] because substantive due process rights are created only by the Constitution." *Id.* (quotations and citation omitted). Property rights are state common law rights and are not equivalent to fundamental rights. *DeKalb Stone, Inc. v. County of DeKalb, Georgia*, 106 F.3d 956, 959 (11th Cir. 1997). Non-legislative deprivations of state-created property rights, including land-use rights, "cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrar[il]y and irrationally." *Greenbriar Village, L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1263 (11th Cir. 2003).

Abele fails to state a substantive due process claim with respect to Hernando County's alleged interference with his property rights, including removing electrical meters, destroying a boat, failing to issue an occupancy permit, and razing a structure. The property rights at issue are state-created rights. Non-legislative deprivations of such rights cannot support a substantive due process claim.[3] Therefore, the district court did not err in granting summary judgment to Hernando County as to this claim.

---

[3] To the extent Abele's complaint could be construed as alleging a substantive due process claim concerning a violation of the Takings Clause, the district court failed to construe the complaint as alleging such, and Abele fails to appeal this characterization. Therefore, any such claim is deemed abandoned. *See Lambrix*, 72 F.3d at 1506 n.11.

c. *Procedural Due Process*

The Due Process Clause of the Fourteenth Amendment requires a private citizen be given notice and opportunity to be heard before a governmental official seizes his property. *Quik Cash Pawn & Jewelry, Inc. v. Sheriff of Broward County*, 279 F.3d 1316, 1322 (11th Cir. 2002). In analyzing such a claim, we examine whether (1) the plaintiff had a property interest of which he was deprived by state action, and (2) the plaintiff received sufficient process regarding that deprivation. *Ross v. Clayton County, Ga.*, 173 F.3d 1305, 1307 (11th Cir. 1999). With respect to the second prong of this examination, we must examine the adequacy of all remedies available to the plaintiff in order to ascertain whether these remedies are so inadequate as to violate clearly established law. *Bussinger v. City of New Smyrna Beach, Florida*, 50 F.3d 922, 926 (11th Cir. 1995).

There were adequate state remedies available to Abele with respect to each of the alleged property deprivations. First, Hernando County provided evidence showing each of the alleged property deprivations were effected (1) after field inspectors found violations of the building code ordinance and provided notice of the violations to the respective owners of the property or (2) pursuant to a court order. Next, Abele could have challenged the findings of the Hernando County field inspectors, acting under the auspices of the building code ordinances, by

14

filing an appeal with the Hernando County Board of Adjustments and Appeals. *See* Chapter 4 of Hernando County Standard Building Abatement Code; Hernando County Ordinance No. 2001-22, § 108. The decision of the Hernando County Board of Adjustment and Appeals could have been appealed to the state's circuit court. *See* § 26.012(1), Fla. Stat. Last, regarding Hernando County's destruction of Abele's boat, a state circuit court issued an order allowing Hernando County to destroy the boat. Abele could have appealed that decision to a higher state court. Because there were adequate state remedies available to Abele with respect to each of the alleged property deprivations, the district court did not err in granting summary judgment to Hernando County as to Abele's procedural due process claims.

## II. CONCLUSION

The district court did not abuse its discretion in (1) denying Abele's motions for default judgment against Hernando County, (2) dismissing Abele's complaint without prejudice as to Aliff and Tolbert, and (3) compelling mediation or denying Abele's request for a non-lawyer mediator. Additionally, the district court did not err in granting summary judgment in favor of Hernando County.

**AFFIRMED.**