[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 11, 2005
THOMAS K. KAHN
CLERK

No. 04-15335
Non-Argument Calendar

_____

D. C. Docket No. 03-00330-CV-RLV-4

EARLE B. LEWIS,
BUTTON LEWIS,
TERRY LEWIS,

Plaintiffs-Appellants,

versus

CLARENCE BROWN, in his Official
Capacity as Bartow County Commissioner,
BARTOW COUNTY, GEORGIA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 11, 2005)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

This case presents the issue of whether a county commissioner's decision to deny the application of three landowners to re-zone their property is an executive or legislative decision. Because we agree with the district court that the county commissioner's decision is executive, we affirm that court's decision to dismiss the landowners' complaint for failure to state a claim.

## I.

Earle B. Lewis, Button Lewis, and Terry Lewis jointly own 272 acres of land in unincorporated Bartow County, Georgia. When they purchased the land it was zoned by Bartow County as agricultural.

The Lewises filed an application with Bartow County to re-zone the 272 acres as residential. They wanted to develop the property as single family homes, which was consistent with the County's land-use plan but not with the existing zoning of the property.

Clarence Brown, as the sole member of the Bartow County Commission, denied the Lewises' request to re-zone the property. The Lewises allege that this decision was "arbitrary and capricious" and "does not bear a substantial relation to

2

the public health, safety, morals, or general welfare, and is therefore an invalid exercise of the police power." (R.1:4:3–4).

The Lewises filed this lawsuit seeking an injunction against Brown "directing [him] to re[-]zone the Property in a constitutional manner consistent with the Bartow County land use plan." (R.1:4:4). The district court granted Brown's motion to dismiss the suit for failure to state a claim. The Lewises appeal.

## II.

The Lewises contend here, as they did before the district court, that Brown violated their substantive due process right to be free from arbitrary, capricious, and irrational legislation.

"The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (quoting Palko v. Connecticut, 302 U.S. 319, 325, 58 S. Ct. 149, 152 (1937)). The Supreme Court "has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted area are scarce and open-ended." Id. (quoting Collins v. City of Harker Heights, 503 U.S. 115, 125, 112 S. Ct. 1061, 1068 (1992)).

3

In particular, "areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" Id. (quoting Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229, 106 S. Ct. 507, 515 (1985) (Powell, J., concurring)). The list of state-created rights is not limited to tort and employment law, and has been held by this Court to include land-use rights like the zoning restrictions at issue here. See Greenbriar Village, L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003) ("'Property interests are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" (quoting Board of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972)).

To this general rule that "areas in which substantive rights are created only by state law are not subject to substantive due process protection," there is an exception which the Lewises contend applies to them: Where an individual's state-created rights are infringed by "legislative act," the substantive component of the Due Process Clause generally protects him from arbitrary and irrational action by the government. See McKinney, 20 F.3d at 1557 n.9. The legislative nature of

4

the act is key. "[N]on-legislative," or executive, "deprivations of state-created rights, which would include land-use rights, cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrarily and irrationally. Constitutional due process is satisfied for these deprivations when proper procedures are employed." Greenbriar Village, L.L.C., 345 F.3d at 1263 (citing McKinney, 20 F.3d at 1559). Thus, this case turns on whether Brown's decision was a legislative act or an executive act.

While the actions of some government officials can easily be categorized as legislative or executive, for others, like county commissioners who act in both a legislative and executive capacity, sorting out which hat they were wearing when they made a decision can be difficult. In McKinney, we established a test, culled from prior Supreme Court precedents, to help distinguish executive from legislation acts:

> Executive acts characteristically apply to a limited numbers of persons (and often to only one person); executive acts typically arise from the ministerial or administrative activities of members of the executive branch. The most common examples are employment terminations.
> Legislative acts, on the other hand, generally apply to larger segments of—if not all of—society; laws and broad-ranging executive regulations are the most common examples.

McKinney, 20 F.3d at 1557 n.9 (citations omitted).

5

Applying the McKinney test, Brown's decision affects only a limited class of persons, namely, the Lewises. The decision to deny the Lewises' application to re-zone their property does not "generally apply to larger segments of—if not all of—society." See id. Rather, it was an administrative decision by Brown to enforce the current property designation to the economic detriment of the Lewises. This is a textbook "executive act."

We are unpersuaded by the Lewises' contention that we should ignore our precedent and find that county zoning decisions are legislative acts because the Georgia courts characterize such decisions as legislative acts. They offer no precedent for the conclusion that we should defer to the state court characterization of a government act as executive or legislative where such characterization is dispositive of a party's substantive due process rights under the federal Constitution. And, in fact, McKinney, and its progeny, suggest otherwise; that is, it is the duty of federal courts to independently determine whether a government act is executive or legislative for the purposes of applying substantive due process principles. Cf. 20 F.3d at 1557 n.9 (Underscoring that for federal courts to determine whether a plaintiff is entitled to substantive due process protection "it is crucial to note the distinction between legislative acts and non-legislative or executive acts." (quotations omitted)).

6

While state law may inform our independent inquiry, it is not determinative of it. In situations like the Lewises', we have explicitly held, for the purposes of substantive due process analysis, "that enforcement of existing zoning regulations is an executive, not legislative act. . . . Acts of zoning enforcement rather than rulemaking are not legislative." DeKalb Stone, Inc. v. County of DeKalb, Ga., 106 F.3d 956, 959 (11th Cir. 1997) (quotation omitted); see also Greenbriar Village, L.L.C., 345 F.3d at 1262–63 ("[N]on-legislative deprivations of state-created rights, which would include land-use rights, cannot support a substantive due process claim . . . ."); Crymes v. DeKalb County, 923 F.2d 1482, 1485 (11th Cir. 1991) ("Acts of zoning enforcement rather than rulemaking are not legislative.").[1]

_____

[1] The Lewises cite South Gwinnett Venture v. Pruitt, 491 F.2d 5 (5th Cir. 1974) (en banc), for the proposition that the decisions of zoning commissions are "quasi-legislative." Id. at 7. This characterization by the former Fifth Circuit, however, was only meant to distinguish legislative decisions, which are "entitled to a presumption of validity," from judicial decisions, which are reviewed by the court de novo. See id. It was not intended to distinguish legislative acts from executive acts for the purposes of substantive due process analysis.

But, to the extent that South Gwinnett Venture can be so interpreted, the en banc Court has decided on a different approach in the more recent McKinney case. In South Gwinnett Venture, the former Fifth Circuit classified the decisions of the county zoning commission as "quasi-legislative" because of the "functions involved in . . . the reclassification of a piece of property under an existing plan." 491 F.2d at 7. In McKinney, we shied away from a "functions" test, and instead adopted an "impact" test "[w]hen discussing substantive due process protection." 20 F.3d at 1557 n.9. The crucial distinction between executive acts and legislative acts, we said in McKinney, was the impact an act of the government had on the public. If the act applied "to a limited number of persons," then it is an executive decision; if it "generally appl[ies] to a larger segment of—if not all of—society," then it is legislative decision. Id.

Applying the McKinney impact test here, as we have already done above, Brown's

7

Because Brown's decision was executive, not legislative, we AFFIRM the district court's decision granting Brown's motion to dismiss for failure to state claim.

---

decision on behalf of Bartow County impacted only three people—the owners of the 272 acres—and therefore is executive in nature.