[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15092
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 19, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-10114-CV-KMM

PAUL E. BATES, individually,
PAUL E. BATES, d.b.a Coconut Cove Resort & Marina, Inc.,
COCONUT COVE RESORT & MARINA, INC.,

Plaintiffs-Appellants,

versus

ISLAMORADA, VILLAGE OF ISLANDS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 19, 2007)**

Before DUBINA, CARNES and COX, Circuit Judges.

PER CURIAM:

Paul E. Bates, individually, Paul E. Bates, d.b.a. Coconut Cove Resort & Marina, Inc. and Coconut Cove Resort & Marina, Inc. ("Appellants") appeal following the grant of summary judgment in favor of Islamorada, Village of Islands ("Appellee"). The Appellants contend that the district court erred in denying as moot, without an evidentiary hearing, Appellants' motion for contempt and sanctions prior to granting Appellee's motion for summary judgment. The Appellants further argue that the district court erred in granting Appellee's motion for summary judgment.

First, we address the denial of Appellants' motion (R.6-270) for contempt and sanctions. "We review the district court's discovery rulings, as well as its denial of a request for an evidentiary hearing, for an abuse of discretion." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004). Appellants have not shown that the district court abused its discretion in denying the motion. And, while not dispositive, we note that neither the motion nor the memorandum accompanying it includes any request for an evidentiary hearing.

Appellants' Amended Complaint (R.3-138) includes three claims: Count I is a substantive due process claim; Count II is an equal protection claim; and Count III is a First Amendment retaliation claim. We conclude that summary judgment was properly granted on all three claims. As to the substantive due process claim,

2

a claim based on a violation of a non-legislative act cannot support a substantive due process claim. *Lewis v. Brown*, 409 F.3d 1271, 1273 (11th Cir. 2005). But, a legislative act is analyzed for a violation of substantive due process under the rational basis standard. *Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1214 (11th Cir. 1995). Resolution 00-12-51 was not a legislative act, and Ordinance 05-13 was a legislative act supported by a rational basis. For Appellants to defeat the presumption that a rational basis exists for Ordinance 05-13, they "have the burden 'to negative every conceivable basis which might support it,'" *F.C.C. v. Beach Commc'ns*, 508 U.S. 307, 315, 113 S. Ct. 2096, 2102 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364, 93 S. Ct. 1001, 1006 (1973)). They failed to meet this burden.

Addressing the equal protection claim, the district court determined that no evidence supported the claim that Appellee treated Appellants differently from other similarly situated comparators or unequally applied facially neutral ordinances for the purposes of discriminating against Appellants. *See Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006). That determination is not shown to be erroneous.

As to Appellants' First Amendment retaliation claim, there was no evidence of a causal relationship between protected First Amendment conduct and the

3

action complained of.  The record fails to show that a majority of the members of the Islamorada Village Council acted with an unconstitutional, retaliatory motive. *See Matthews v. Columbia County*, 294 F.3d 1294, 1297 (11th Cir. 2002).

AFFIRMED.[1]

---

[1]Appellee's Motion for Damages and Costs is DENIED.