[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12374
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00188-WTH-PRL


FLAGSHIP LAKE COUNTY DEVELOPMENT NUMBER 5, LLC,
a Florida Limited Liability Company,

Plaintiff-Appellant,

versus

CITY OF MASCOTTE, FLORIDA,

Defendant-Appellee,

JEFF KRULL, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 13, 2014)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Flagship Lake County Development Number 5, LLC ("Flagship")

appeals the district court's dismissal of its procedural and substantive due process

claims, brought under 42 U.S.C. § 1983, against Defendant City of Mascotte  ("the

City").  After careful review of the record and the briefs, we affirm.

## I. BACKGROUND

### A.    Flagship's First Amended Complaint[1]

Plaintiff Flagship's amended complaint arose out of the City's denial of

Flagship's application for approval of the "Second Amendment to Heron's Glen

Planned Development Agreement, which was memorialized in Ordinance 2011-09-

500" ("the Ordinance").  This Ordinance would have re-zoned a 245-acre property

owned by Flagship, thereby allowing Flagship to construct waste disposal and

waste management facilities, methane gas recovery facilities, recycling facilities,

and wetlands habitat preservation areas on the property.  Flagship alleged that the

manner in which the City Council denied the application was arbitrary and

---

[1]We present the facts as alleged in Plaintiff Flagship's first amended complaint.  At this point in the litigation, we must assume the facts set forth in the complaint as true.  Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 453, 126 S. Ct. 1991, 1994 (2006) (stating that on a motion to dismiss, the court must "accept as true the factual allegations in the amended complaint").

2

capricious and violated both procedural and substantive due process guaranteed under the Fourteenth Amendment to the United States Constitution.[2]

More specifically, Plaintiff Flagship claimed that the hearing on the requested Ordinance "was an extremely emotional, heated, and unwieldy affair." While Flagship presented expert testimony and volumes of documentary evidence in support of the Ordinance, the opponents responded only with "a plethora of emotional, argumentative, hyperbolic, and unsubstantiated arguments and opinions," including "irrelevant stories about feared, potential odors, animals, environmental degradation, and the like."

Plaintiff Flagship further explained that "confusion reigned" during the hearing; for example, council members at times "could not even figure out what they were voting on." Amidst all this confusion, City Council members demonstrated clear bias when they already stated their opposition to the Ordinance before ever hearing any evidence. Other council members admitted to having conducted their own research before the hearing, which Flagship contended was tantamount to relying on ex parte communications. One council member relied on an actual ex parte communication with an unidentified person about a landfill

---

[2]Flagship also asserted a federal equal protection claim, which the district court dismissed. Flagship has not appealed from that ruling.  Given the dismissal of Flagship's federal claims, the district court did not address the merits of Flagship's state law claims but remanded them to state court.  Flagship has not appealed this aspect of the district court's order.

located in a different community.  And, several other council members could not explain the reasons behind their votes against the Ordinance.

What is more, the City Council members then discussed the Ordinance at the next Mascotte City Council meeting—without providing notice to Flagship that the Ordinance would be discussed at this meeting.  Flagship also took issue with the purpose of this post-hearing discussion: in an "ill-conceived attempt to cleanse the basis for their denial of the [Ordinance]," the City Council members and the City attorney "attempted to match the reasons of the Council Members in regard to their vote with some of the testimony . . .  given at the [prior] hearing."

Thereafter, the City Council issued an order containing its findings of fact and conclusions of law underlying its denial of the Ordinance.  The principal reasons for the City Council's denial were: (1) unpleasant odors, (2) attraction of rodents, (3) traffic increase due to garbage trucks, and (4) a "purported requirement of two distinct access point/entrance ways."  Flagship contended that these findings were "not supported by substantial, competent evidence"; in fact, some of the cited reasons were actually undermined by the evidence presented at the hearing.

Based on these allegations, Plaintiff Flagship asserted that the City violated Flagship's procedural and substantive due process rights.  In response, the City

moved to dismiss these claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## B.    The District Court's Order

The district court dismissed Flagship's procedural due process claim.  The court pointed out that Flagship had not alleged that it had availed itself of the remedies available under Florida law, namely the Florida Administrative Procedures Act, Fla. Stat. § 120.68, which "provides for judicial review of agency actions, including a local government's zoning decisions."

The district court explained that these state remedies were available and adequate "to cure any procedural due process defects" that may have occurred during the City's denial of Flagship's application for the Ordinance.  Given that Flagship failed to pursue these available and adequate state remedies, the district court concluded that Flagship's procedural due process failed as a matter of law.

The district court dismissed Flagship's substantive due process claim for two reasons: First, the district court reasoned that the "Due Process Clause  . . . only provides substantive due process protection against deprivations of fundamental rights . . . created by the Constitution," and state-created property rights are "not subject to substantive due process protection."  Instead, "a substantive due process claim predicated on an arbitrary and irrational deprivation of a property interest should be treated as a procedural due process claim."

5

Second, the district court concluded that "the City's alleged actions in this case were specifically directed at Flagship" and thus "were executive in nature." The district court explained that "executive deprivations of state-created rights . . . cannot support a substantive due process claim."

Flagship timely appealed the district court's dismissal of the procedural and substantive due process claims.

## II. STANDARD OF REVIEW

This Court reviews "the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). This Court also "reviews questions of constitutional law de novo." United States v. Duboc, 694 F.3d 1223, 1228 n.5 (11th Cir. 2012), cert. denied, 133 S. Ct. 1278 (2013).

## III. DISCUSSION

**A.    Flagship's Procedural Due Process Claim**

As the district court observed, Flagship has not alleged that adequate state remedies were unavailable to remedy any alleged deprivations of procedural due process. Flagship could have availed itself of the remedies provided in the Florida Administrative Procedure Act, Fla. Stat. §120.68, but did not. This is fatal to Flagship's procedural due process claim, as this Court has held that "'only when

the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.'" Cotton v. Jackson, 216 F.3d 1328, 1330-31 (11th Cir. 2000) (quoting McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc)).

In Cotton, the plaintiff was terminated after his employer, a state university, found that the plaintiff had violated the university's sexual harassment policies. 216 F.3d at 1329. The plaintiff asked the university and the Board of Regents to hold a hearing regarding his termination, but both entities denied this request. Id. at 1329-30. The plaintiff sued the university president and members of the Board of Regents in federal court under § 1983, alleging that the defendants' refusal to afford him a hearing was a violation of procedural due process. Id. at 1330.

This Court held that the plaintiff's procedural due process claim failed as a matter of law because the plaintiff could have pursued a writ of mandamus in state court. Id. at 1332-33. We explained that "[i]t is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." Id. at 1331. This rule "recognizes that the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora— agencies, review boards, and state courts before being subjected to a claim alleging a procedural due process violation." Id. (internal quotation marks omitted). Thus,

7

"[i]f adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process." Id.  We therefore concluded in Cotton that "because adequate state remedies were available to provide Plaintiff with the opportunity for a . . . hearing, he has failed to state a procedural due process claim." Id. at 1330.

Again and again, this Court has repeated the basic rule that a procedural due process claim can exist only if no adequate state remedies are available.  See Reams v. Irvin, 561 F.3d 1258, 1266-67 (11th Cir. 2009) ("Because we conclude that available state remedies were adequate to cure any erroneous deprivation of [the plaintiff's] protected interest in her equines, [the plaintiff] has failed to establish that her procedural due process rights were violated"); Foxy Lady, Inc. v. City of Atlanta, 347 F.3d 1232, 1238 (11th Cir. 2003) ("[E]ven if a procedural deprivation exists . . ., such a claim will not be cognizable under § 1983 if the state provides a means by which to remedy the alleged deprivation"); Horton v. Bd. of Cnty. Comm'rs of Flagler Cnty., 202 F.3d 1297, 1300 (11th Cir. 2000) (no federal procedural due process violation if state courts "generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered"); Bell v. City of Demopolis, 86 F.3d 191, 192 (11th Cir. 1996) (affirming district court's dismissal of procedural due process in employment

8

discrimination context because "Alabama has available a satisfactory means by which [the plaintiff] can seek redress for any procedural due process deprivation"); Narey v. Dean, 32 F.3d 1521, 1528 (11th Cir. 1994) (concluding that because the plaintiff "did not take advantage of the opportunity for state court review, [the plaintiff] cannot now claim that the state deprived him of procedural due process").

Flagship's complaint failed to allege that adequate state remedies were unavailable to cure the procedural deprivations allegedly committed by the City. Nor did the complaint allege that Flagship attempted to avail itself of the remedies provided in the Florida Administrative Procedure Act. Our binding precedent therefore bars Flagship's procedural due process claim as a matter of law.

Flagship, instead, relies on cases holding "that there is no requirement that a plaintiff exhaust his administrative remedies before filing suit under § 1983." Beaulieu v. City of Alabaster, 454 F.3d 1219, 1226-27 (11th Cir. 2006) (citing Patsy v. Board of Regents, 457 U.S. 496, 516, 102 S. Ct. 2557, 2568 (1982)). That concept is true; but it is also inapposite here. As this Court explained in Cotton, the rule that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation "is not an exhaustion requirement." 216 F.3d at 1331 & n.2. Instead, it is "a recognition that procedural due process violations do not even exist unless no adequate state remedies are available." Id. at 1331 n.2. In other words, the unavailability of adequate remedies

9

is an element of a procedural due process claim—as opposed to an exhaustion requirement.

## B.    Substantive Due Process

Flagship's substantive due process claim is also barred by this Court's precedent.  "The substantive component of the Due Process Clause protects those rights that are 'fundamental' that is, rights that are 'implicit in the concept of ordered liberty.'"  McKinney, 20 F.3d at 1556 (quoting Palko v. Connecticut, 302 U.S. 319, 325, 58 S. Ct. 149, 152 (1937)).  However, "areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'"  Id. (quoting Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229, 106 S. Ct. 507, 515 (1985) (Powell, J., concurring)).

"The list of state-created rights . . . include[s] land-use rights like the zoning restrictions at issue here," Lewis v. Brown, 409 F.3d 1271, 1273 (11th Cir. 2005), because these rights "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law," Greenbriar Village, L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003) (internal quotation marks omitted).  Because Flagship predicates its claim on the denial of its state-granted-and-defined land-use rights, "no substantive due process claim is viable."  Id.; Lewis, 409 F.3d at 1272-74 (holding that a claim

10

based on the denial of a request for re-zoning is not viable as a substantive due process claim).

The rights Flagship advances here are indistinguishable from those asserted by the plaintiffs in Lewis. There, the plaintiffs also alleged a substantive due process violation after a local government entity denied the plaintiffs' request to re-zone their property. Lewis, 409 F.3d at 1272. The plaintiffs contended that this denial was arbitrary and capricious. Id.

This Court explained in Lewis that such a land-use claim falls under the general rule that "areas in which substantive rights are created only by state law are not subject to substantive due process protection." Id. at 1272-73 (internal quotation marks omitted). An exception to the general rule applies when "an individual's state-created rights are infringed by legislative act." Id. at 1273. In that scenario, "the substantive component of the Due Process Clause generally protects [the individual] from arbitrary and irrational action by the government." Id. By contrast, "[n]on-legislative, or executive, deprivations of state-created rights, which would include land-use rights, cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrarily and irrationally." Id. (internal quotation marks omitted).

The question in Lewis was therefore whether the government decision "was a legislative act or an executive act." Id. This Court squarely held that the local

11

government's denial of a request to re-zone the plaintiffs' property was "a textbook 'executive act'" because this decision affected only a limited number of people, namely the plaintiffs.  Id.  As a result, the denial of the request for re-zoning was an executive act that could not form the basis of a substantive due process claim.  Id.

So too here.  Flagship has not distinguished itself from the plaintiffs in Lewis.  Flagship asserts a state-created property right; more specifically, it claims that the City's arbitrary and capricious denial of the request to re-zone Flagship's property impinges on the company's land-use rights.  The City's decision was a "textbook executive act" because it affected only Flagship.  Thus, Flagship's claim is subject to this Court's general rule that no substantive due process claim exists for executive acts affecting state-created land-use rights.  See id.; Greenbriar Village, L.L.C., 345 F.3d at 1262.[3]

## IV. CONCLUSION

For the forgoing reasons, we affirm the district court's dismissal of Flagship's procedural and substantive due process claims.

**AFFIRMED.**

---

[3]We reject Flagship's argument that the Supreme Court's decision in Lingle v. Chevron U.S.A, Inc., 544 U.S. 528, 125 S. Ct. 2074 (2005) provides a basis for Flagship's claim.  Lingle addressed a Fifth Amendment takings claim arising from a rent-control statute, see id. at 532-34, 125 S. Ct. 2078-79, not a substantive due process claim arising out of a zoning decision.