[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14213
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cv-00654-SPC-UAM

KENNETH GOODMAN,
as successor trustee to Kathy Kellum,
as Trustee of the Reel Estate Trust,
DEREK RUNION,
as the beneficial owner of the Reel Estate Trust,
IAK FLORIDA BUILDERS, LLC,
a Florida limited liability company,

Plaintiffs-Appellants,

versus

THE CITY OF CAPE CORAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 28, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

IAK Florida Builders, LLC, Kenneth Goodman, and Derek Runion (Appellants) appeal the district court's dismissal of their due process claims against the City of Cape Coral (the City) in connection with the City's denial of Appellants' application to rezone certain real property.  Upon review, we affirm.

## I.    BACKGROUND[1]

In late 2006, IAK Florida Builders, LLC (IAK) agreed with Kathy Kellum, trustee of the Reel Estate Trust, to purchase certain real property in Florida for the purpose of developing it as Sans Souci Bay.  As part of the development, IAK petitioned the City to rezone the property from single-family and agricultural use to single- and multi-family use by submitting a proposal on December 7, 2006. The City and its Planning and Zoning Committee both denied the proposal in November 2007, outlining various reasons for doing so.

On October 29, 2008, Appellants sought review of the denial at a hearing before a special magistrate under Fla. Stat. § 70.51 and presented changes to the proposal meant to address the City's reasons for the denial.  On February 2, 2009, the City and IAK entered into a settlement agreement under which the Planning

---

[1] In accordance with the standard applicable to a motion to dismiss, we assume the truth of Appellants' well-pleaded factual allegations in reciting the background of this case. *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).

and Zoning Committee and the City would rehear IAK's rezoning proposal. On April 7, 2010, the Planning and Zoning Committee approved IAK's amended proposal, subject to a series of conditions. IAK complied with the conditions and presented the amended proposal to the City at a final determinative hearing on May 24, 2010. The City denied the proposal and took certain actions Appellants claim were improper during the hearing, including considering irrelevant information, considering false allegations that had been spread by a neighborhood association prior to the hearing, limiting IAK's ability to cross-examine witnesses and give a closing statement, and requesting modifications to the amended proposal designed to satisfy personal interests of the members of the city council. Appellants argue there was no rational basis for the City to deny their rezoning proposal.

Appellants commenced this action by filing a complaint under 42 U.S.C. § 1983 in federal district court on December 10, 2012. Appellants asserted two counts. In the first count, Appellants claimed the City violated their right to procedural due process because it reached a decision that amounted to a taking of Appellants' property interests without providing a full and fair hearing. In the second count, Appellants claimed the City committed a substantive due process violation because its denial of Appellants' rezoning petition was "an arbitrary and irrational exercise of power."

The City filed a motion to dismiss the complaint on January 7, 2013.  The district court granted the motion, dismissing Appellants' substantive due process claim with prejudice and dismissing the procedural due process claim without prejudice.  Appellants filed an amended complaint reasserting the procedural due process claim with additional information concerning the procedural guidelines for review of rezoning petitions and allegations that the City failed to comply with those guidelines.  The City responded with a second motion to dismiss, but before the district court ruled on it, Appellants filed a motion for leave to file a second amended complaint to "clarify" certain allegations in the first amended complaint. The district court granted leave to amend, and Appellants filed a second amended complaint, which the City again moved to dismiss.  On August 19, 2013, the district court granted the motion and dismissed Appellants' procedural due process claim with prejudice in light of the availability of judicial review in state court. This appeal followed.

## II.    STANDARD OF REVIEW

"We review *de novo* the district court's grant of a [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).

4

III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege "(1) that the defendant deprived [the plaintiff] of a right secured under the Constitution or federal law and (2) that such deprivation occurred under color of state law." *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998). Here, Appellants claimed the City deprived them of their constitutional rights to procedural and substantive due process in connection with its refusal to grant their proposal to rezone certain land. We agree with the district court, however, that Appellants failed to allege either substantive or procedural due process violations.

A.    *Substantive Due Process*

"The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (quoting *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)). "[A]reas in which substantive rights are created only by state law . . . are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" *Id.* (quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, J., concurring)). The zoning restrictions at issue in this appeal concern land-use rights that are state created and therefore fall beyond the scope of substantive due process protections. *See Lewis*

5

*v. Brown*, 409 F.3d 1271, 1273 (11th Cir. 2005); *Greenbriar Vill., L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1262 (11th Cir. 2003) ("Property interests, of course, are not created by the Constitution." (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972))).  Consequently, Appellants can state no viable claim for a violation of substantive due process based on the City's refusal to grant their rezoning petition.[2]

Appellants' reliance on dicta in *Eide v. Sarasota County*, 908 F.2d 716, 721-22 & n.9 (11th Cir. 1990), to reach a contrary conclusion is misplaced in light of our more recent *en banc* decision in *McKinney* explicitly stating that substantive due process protections do not apply to state-created interests like those at issue in the instant case.  *McKinney*, 20 F.3d at 1556.  Appellants have not attempted to harmonize their interpretation of *Eide* with our pronouncements in *McKinney*.  *See Greenbriar*, 345 F.3d at 1263 n.4 ("To say the least, it is surprising that neither party in this case discussed the impact of *McKinney* on [the plaintiff's] substantive due process claim.  All of the Eleventh Circuit precedent cited by the parties on these types of substantive due process claims mysteriously ends in 1994, which, curiously, is the same year that an *en banc* court decided *McKinney*.").

---

[2] An exception to the general rule that substantive rights created by state law are not protected by substantive due process exists when the substantive state rights are infringed by legislative rather than by executive acts.  *See McKinney*, 20 F.3d at 1557 n.9.  This exception does not apply to the instant case, nor have Appellants argued that it does.  *See Lewis*, 409 F.3d at 1274 ("[W]e have explicitly held, for the purposes of substantive due process analysis, that enforcement of existing zoning regulations is an executive, not legislative act." (internal quotation marks omitted)).

6

Appellants' arguments are therefore unpersuasive, and we conclude the district court did not err in dismissing Appellants' substantive due process claim.

B.    *Procedural Due Process*

"A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).  Assuming Appellants have alleged a constitutionally-protected property interest, their claim still fails for failure to allege constitutionally inadequate process.

We have repeatedly articulated the basic rule that a procedural due process violation has not occurred when adequate state remedies are available. *See, e.g.*, *Reams v. Irvin*, 561 F.3d 1258, 1267 (11th Cir. 2009) ("Because we conclude that available state remedies were adequate to cure any erroneous deprivation . . . [the plaintiff] failed to establish that her procedural due process rights were violated."); *Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1238 (11th Cir. 2003) ("[E]ven if a procedural deprivation exists during an administrative hearing, such a claim will not be cognizable under § 1983 if the state provides a means by which to remedy the alleged deprivation.").  Appellants did not take advantage the judicial review of final agency actions, including zoning decisions, available under Fla. Stat. § 120.68, *see Bd. of Cnty. Comm'rs of Brevard Cnty. v. Snyder*, 627 So. 2d

7

469, 474-75 (Fla. 1993), nor did they offer any argument that the process afforded by this review is constitutionally inadequate.  Consequently, regardless of the alleged improprieties of the hearing before the city council, Appellants' procedural due process claim fails.  *See McKinney*, 20 F.3d at 1565 ("Since the Florida courts possess the power to remedy any [procedural error], [the plaintiff] cannot claim that he was deprived of procedural due process."); *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) ("Assuming a plaintiff has shown a deprivation of some right protected by the due process clause, we—when determining if a plaintiff has stated a valid procedural due process claim—look to whether the available state procedures were adequate.").

## IV.    CONCLUSION

In light of the foregoing, we hold that the district court did not err in dismissing Appellants' substantive or procedural due process claims.

**AFFIRMED.**

8